IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROY MINGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17-2362-JAR |
| v. | ) |
| | ) |
| BLUE CROSS AND BLUE SHIELD OF | ) |
| KANSAS, INC., | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because this action concerns the propriety of Defendant's handling of certain health insurance claims involving mental health and substance abuse conditions. Accordingly, the Plaintiff is expected to request confidential, and non-public documents and information regarding the Defendant's business operations, and financial condition, including Defendant's debt collection practices. Defendant expects to request documents and information relating to medical treatments and services received by Plaintiff, medical necessity of services received by Plaintiff, and documents related to Plaintiff's benefits,

including those which are protected under the Health Insurance Portability and Accountability Act of 1996, as codified at 42 U.S.C. 1320d through d-8 and KSA 65-5601 *et seq.* ("HIPAA"). The Defendant considers its proprietary information, employment personnel records, student records, and employee compensation records to be confidential, and the Plaintiff considers his personal financial, personnel, medical, and compensation information to be confidential. To expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the Parties wish to produce documents subject to the protective provisions set forth below. Based on the foregoing, the parties assert good cause exists for entry of a Protective Order.

Pursuant to Federal Rule of Civil Procedure 26(c), and in order to protect the parties from disclosure of proprietary or confidential information, the parties hereto stipulate and agree, and it is hereby ORDERED AND DECREED that:

**1. Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2. Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the

parties will limit their designation of Confidential Information to the following categories of information or documents:

(a) Medical records regarding the Plaintiff, and any other current or former employees, applicants or insureds of Defendant;

(b) All Protected Health Information ("PHI") as defined in 45 C.F.R. 160.103 (without formal designation); 42 C.F.R., Part 2; and KSA 65-5601

(c) Personal information regarding Plaintiff, and any current or former employees of Defendant, including, but not limited to, personal financial and medical information;

(d) Any identifying information regarding Defendant's patients/consumers;

(d) Non-public confidential information and documents regarding the Defendant's business operations, including, but not limited to, information about the Defendant's financial condition, and policies and procedures.

Information or documents that are available to the public may not be designated as Confidential Information.

**3. Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the

extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within seven (7) days after discovery of the inadvertent failure.

    **4.**     **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

    **5.**     **Protection of Confidential Material.**

    **(a)**     **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, (or any other related legal proceeding brought by one of the parties to this litigation).

    **(b)**     **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

    (1)     The parties to this litigation, including any employees, agents, and representatives of the parties;
    (2)     Counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees

working under the direct supervision of counsel, copying service providers and other independent contractors retained for the purpose of this litigation;

(3) Any person not employed by a party who is expressly retained by a party, or any attorney, to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

(4) The court and court personnel, including any special master appointed by the court, and members of the jury;

(5) Court reporters, recorders, and videographers engaged for depositions;

(6) Any mediator appointed by the court or jointly selected by the parties;

(7) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(8) Any potential, anticipated, or actual fact witness and/or non-party deponent and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying;

(9) The author or recipient of the document;

(10) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(11) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Except as provided in this Protective Order, no copies of material designated as "Confidential" shall be made or furnished, and no information contained in such material shall be disclosed to any person, firm, or entity except those identified

in this Protective Order, without prior written consent of the party to whom the records belong or their attorneys of record.

6. **Undertaking of Persons Receiving Designated Materials.** In no event shall any material designated "CONFIDENTIAL" be disclosed to any person described in paragraphs 5(b)(3), (7) or (8) until that person has been informed of the confidential nature of the material, and indicated their understanding and intent to be bound by this order.

7. **Filing of Confidential Information**. Counsel shall not unnecessarily disclose Confidential Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court. However, Counsel shall have the right to file or deposit with the Court any Confidential Information at any time if such filing or deposit is necessary and intended in good faith to support any party's prosecution or defense of this Action, and further subject to the right of any party or its counsel to request the Court place any Confidential Information under seal, either before or after such Confidential Information has been initially filed with the Court. If any party desires to request any Confidential Information be placed under seal, that party shall file a separate motion seeking such Order from the Court in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any

motion or objection to a confidential designation, the objecting party must confer in good faith to try to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect or limit the use of any document, material, or information at any trial or hearing. The court may hereafter make such other or further orders as may be necessary to govern the use of such documents or information at any hearing or trial upon the subsequent request or motion of any party.

**10. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect and Jurisdiction.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation. The Court's jurisdiction to enforce the provisions of this Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Order.

**(b) Storage of Confidential Documents.** Upon the conclusion of this Action by settlement, final judgment, or final order, including all appeals, counsel for any party to this Action shall return any original Confidential Information to the designating party, if requested. However, counsel in this Action may maintain a copy of all Confidential Information as a part of counsel's case files.

**11.     Order Subject to Modification**.  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.     No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**13.     Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**14.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**15.     Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**16.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as

Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2017.

                                                              s/ K. Gary Sebelius
                                                              K. Gary Sebelius
                                                              U.S. Magistrate Judge

Submitted and agreed by,


By: */s/ Sean M. McGivern*
    Sean M. McGivern, #22932
    GRAYBILL & HAZLEWOOD, LLC
    218 N. Mosley St.
    Wichita, KS 67202
    Telephone: (316) 266-4058
    Fax: (316) 462-5566
    sean@graybillhazlewood.com

ATTORNEYS FOR PLAINTIFF


By: */s/ Gregory P. Goheen*
    Gregory P. Goheen    #16291
    McANANY, VAN CLEAVE & PHILLIPS, P.A.
    10 E. Cambridge Circle Drive, Suite 300
    Kansas City, Kansas 66103
    Telephone (913) 371-3838
    Facsimile (913) 371-4722
    Email: ggoheen@mvplaw.com


ATTORNEYS FOR DEFENDANT

# ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, _____, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
                                                 Signature