# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROY MINGUS,

    Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,

    Defendant.

Case No. 2:17-CV-02362-JAR-KGS

## MEMORANDUM AND ORDER

Plaintiff Roy Mingus filed a petition in the District Court of Sedgwick County, Kansas, alleging his health insurance carrier, Defendant Blue Cross and Blue Shield of Kansas, Inc., breached the insurance contract by denying legitimate claims under the policy. The case was then transferred to the District Court of Douglas County, Kansas, before Defendant removed, alleging federal question jurisdiction under 28 U.S.C. § 1331. Before the Court is Plaintiff Roy Mingus's Motion to Remand (Doc. 10). The matter is fully briefed and the Court is prepared to rule. For the reasons explained in detail below, the Court grants the Plaintiff's motion to remand.

## I. Background

The following facts are alleged in Plaintiff's First Amended Petition.[1] Plaintiff Roy Mingus and his family were insured under a health insurance policy issued by Defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBS") at all times relevant to this lawsuit. From September 3, 2014, through April 30, 2015, Plaintiff's son was treated for mental health issues. Defendant initially approved payment for the treatment, but then later determined the treatment

---
[1] Doc. 1-1.

was not medically necessary. Plaintiff claims that "Defendant breached the contract by, among other things, denying legitimate claims and violating federal parity standards which are incorporated into the insurance contract."[2] Based on this language, Defendant removed this case, asserting federal question jurisdiction. Plaintiff moves to remand, arguing that his state law breach of contract cause of action does not raise a substantial question of federal law, and thus, there is no basis for removal jurisdiction.

## II. Discussion

Plaintiff's motion to remand turns on whether the First Amended Petition contains a claim for which this Court has original jurisdiction. The removal statute allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[3] Federal courts are required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4] There is a presumption against federal jurisdiction because federal courts are courts of limited jurisdiction.[5] The burden of proving whether federal jurisdiction exists lies with the party asserting it.[6] Here, there can be no diversity jurisdiction because both Plaintiff and Defendant are Kansas citizens, so original jurisdiction must rest upon federal question jurisdiction.

To present a federal question, a claim must arise under the Constitution, laws, or treaties of the United States.[7] A case "arises under" federal law if its well-pleaded complaint establishes that either (1) federal law creates the cause of action asserted, or (2) the plaintiff's right to relief

---

[2] Doc. 1-1 ¶ 17.

[3] 28 U.S.C. § 1441(a).

[4] 28 U.S.C. § 1447(c).

[5] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1982).

[6] *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012).

[7] 28 U.S.C. § 1331.

necessarily depends upon the resolution of a substantial question of federal law.[8]  Whether a suit "arises under" federal law is determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[9]  The well-pleaded complaint rule makes the plaintiff the master of his claim by allowing him to elect either federal or state court, based on how the complaint is drafted.[10]  However, while the plaintiff may not omit federal issues essential to his claim simply to circumvent federal jurisdiction, he may avoid federal jurisdiction by relying exclusively on state law.[11]

Here, Plaintiff's raises a single claim for breach of contract under Kansas law.[12]  But even when state law creates the cause of action, if Plaintiff's relief depends upon the resolution of a substantial question of federal law, then federal jurisdiction still lies.[13]  The Supreme Court has clarified that federal jurisdiction over a state law claim will lie if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[14]

Defendant argues that the First Amended Petition alleges a claim under the Mental Health Parity and Addiction Equity Act ("MHPAEA") because it cites violations of federal parity standards as one way in which Defendant breached the insurance contract.  While it is true

---

[8] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

[9] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[10] *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012).

[11] *Id.*

[12] *Turner v. Halliburton Co.*, 722 P.2d 1106, 1115 (Kan. 1986).

[13] *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

[14] *Id.* at 258 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)); *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) ("To invoke this so-called 'substantial question' branch of federal question jurisdiction, a [party] must show [the four *Gunn* factors].").

that Plaintiff references a violation of this federal law in reciting his breach of contract claim, he does not seek relief under this federal statute. Indeed, no such private right of action exists.[15] Even if the breach of contract claim required some analysis of this federal law, the Supreme Court has determined that there can be no "arising under" jurisdiction where a complaint alleges the violation of a federal statute as an element of a state claim when Congress has not provided for a private federal cause of action for the violation.[16] Accordingly, Defendant has failed to demonstrate that Plaintiff's First Amended Petition raises a substantial question of federal law.

In sum, federal law does not create Plaintiff's cause of action, nor does his claim rely on a substantial question of federal law. Thus, the Court concludes Plaintiff's breach of contract claim does not "arise under" federal law, and the Court lacks original jurisdiction over his breach of contract claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 10) is GRANTED. The Clerk is directed to remand this case to the Douglas County, Kansas District Court.

**IT IS SO ORDERED.**

Dated: October 30, 2017

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[15] *See Mills v. Bluecross Blueshield of Tenn., Inc.*, No. 3:15-cv-552-PLR-HBG, 2017 WL 78488, at *6 (E.D. Tenn. Jan. 9, 2017) (explaining that there is no private right of action under the MHPAEA, and that while the provision was "inserted into other laws, . . . a plaintiff who sues for violations of the MHPAEA must follow the procedures outlined in the larger law that she thinks has been violated.").

[16] *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 816 (1986). Defendant's citation to *Montana v. Abbot Laboratories* is inapposite. 266 F. Supp. 2d 250, 258–59 (D. Mass. 2003). There, the court found that a breach of contract action raised a substantial federal question because the contract was with the federal government, not because it referenced the violation of a federal statute. *Id.*